FAVORITE CARRIAGE COMPANY v. MATTHEW WALSH.[1]

January 24, 1898.

Nos. 10,680—(97).

Contract—Consignment or Sale of Vehicles—Exercise of Option by
Vendor—Demanding Payment.

The plaintiff, a corporation, delivered goods to R. under a contract by
the terms of which R. agreed to sell the goods on account of plaintiff,
and at its option execute to it his promissory note for its accommodation
for the total amount of the list price of the goods, and at its option
purchase all goods remaining on hand at a certain time thereafter. Held,
by demanding after such time the payment of the notes given pursuant
to the contract, plaintiff exercised the option last above mentioned, and
R. thereby became the owner of all the goods remaining on hand.

Same—Conditional Sale—Void as against Creditors of Vendee.

Whether, from its inception, the contract was not one of conditional
sale, which was void as against the creditors of R. unless duly filed in
the office of city clerk, quære.

Appeal by defendant, as assignee in insolvency of M. Roeller &
Co., from a judgment of the district court for Hennepin county in
favor of plaintiff for $476.04, after a trial before Russell, J., and a
jury. Reversed.

Henry J. Gjertsen, for appellant.

Adams & Southworth, for respondent.

CANTY, J.

Michael Roeller,.under the name of M. Roeller & Co., was doing
business in Minneapolis in selling carriages. On,the day of its date
he made the following agreement with plaintiff:

"Minneapolis, Minn., Nov. 17th, 1892. The Favorite Carriage Co.,
Cincinnati, O.—Gentlemen: Please enter my order, and accept this
as my agreement to handle your vehicles for the year ending Dec.
1st, 1893. You may ship to me according to directions the vehicles
enumerated and specified in my order of this date, on which, as well
as on subsequent shipments, I agree to pay freight and all other
charges incident to transit. I will insure goods in your favor, keep

1 Reported in 74 N. W. 137.

them in store and display for sale in nice condition, free of charge to you.

I will sell the goods on your account, and settle for them as sold net cash at prices marked in Exhibit A, attached hereto, and made a part hereof. I will give to you all of my trade in the grade of work and style of vehicle manufactured by you.

All goods on hand Dec. 1st, 1893, I will then purchase, provided you so desire, and settle for the same by cash, less three per cent. or my four-months note without interest. I shall expect the sole agency for your goods in the city of Minneapolis, and such help in advertising as from time to time seems advantageous in the way of printed circulars, catalogues, and bannerettes. Should you desire, I will give you my promissory note, which you are to take up at maturity, for an amount not exceeding the goods of yours that may be in my hands from time to time as an accommodation. M. Roeller. Accepted: Favorite Carriage Co. W. H. McCurdy, Secretary."

Roeller received goods from plaintiff under this contract, and then the following supplemental contract was entered into on the day of its date:

"Minneapolis, Minn., Feb. 21st, 1894. Whereas, a contract was made under date of Nov. 17th, 1893, to which this is attached and made a supplement, between The Favorite Carriage Co., of Cincinnati, O., and M. Roeller & Co., of Minneapolis, Minn., by which said The Favorite Carriage Co. were to and did furnish to said M. Roeller & Co. their vehicles in compliance with provisions therein set forth.

It is understood that said The Favorite Carriage Co. have not as yet exercised their privilege under this agreement of selling to said M. Roeller & Co. the vehicles now in his repository, shipped under the contract herein referred to.

Now, in consideration of the temporary waiver of this right to sell, and the further consideration of said The Favorite Carriage Co. giving to said M. Roeller & Co. the sale of goods manufactured by them for the season of 1894, it is agreed and understood that said The Favorite Carriage Co. may exercise its right to sell, and said M. Roeller & Co. agrees to purchase for cash, should the said The Favorite Carriage Co. so elect, any time after June 1st, 1894, the vehicles, or any part of them, shipped to said M. Roeller & Co. during 1893; but all goods shipped during the season of 1894 shall be shipped on terms adopted for 1893, except otherwise specified at time goods are ordered. The Favorite Carriage Co., by W. H. McCurdy, Secretary F. C. C. M. Roeller & Co."

Plaintiff delivered more goods to Roeller under this contract, and

the evidence tends to prove that he received in all, under both contracts, goods the total aggregate list price of which amounted to $4,116.50. He continued to carry and dispose of these goods until October 5, 1895, when, being insolvent, he made an assignment under the insolvency law for the benefit of his creditors to the defendant, Walsh, who took possession of the quantity of these goods still on hand. Plaintiff brought this action in trover for the conversion of the same, and on the trial had a verdict. A motion for a new trial was denied, and defendant appeals from the judgment thereafter entered.

In our opinion, the verdict and judgment are not sustained by the evidence. The assignee represents the creditors of Roeller, and the contracts bear on their face strong evidence that they were intended to perform the functions of a contract of conditional sale, not merely of a contract of consignment for sale. If, as against creditors, they are contracts of conditional sale, they are void for failure to file them in the office of the city clerk as provided in sections 4148, 4149, G. S. 1894.

But it is not necessary in this case to hold that, as a question of law, they are, as to creditors, contracts of conditional sale, and we do not so decide. Each of these contracts specifies a time or times after which the plaintiff may elect to declare that the goods then in the hands of Roeller are sold absolutely to him on terms provided for in the contract. The supplemental contract is somewhat ambiguous as to the time so fixed as to the "goods shipped during the season of 1894." But surely that time is not later than the last of that year. It conclusively appears from the evidence that during all of the last half of 1894 and all of 1895 up to the time of the assignment plaintiff held the notes of Roeller in amounts ranging from $2,000 to over $3,000, which notes were given by him for the goods delivered under these contracts; and plaintiff during all of that time continually demanded of Roeller that he pay these notes. These facts appear by the letters written by plaintiff to Roeller, and, standing unexplained, they show conclusively that plaintiff exercised its option to declare that the goods in the hands of Roeller were sold to him. This evidence, considered with the written contracts themselves, most certainly makes a prima facie case, which,

unrebutted and unexplained, is conclusive against plaintiff. It also appears by the uncontradicted evidence of Roeller that he never gave plaintiff any notes in payment or settlement for goods which had been sold by him, and that he always paid for the goods all the money he received for them on account of the sales he made of them.

The judgment is reversed and a new trial granted.

BUCK, J. (dissenting).

I dissent. I think that the instrument dated November 17, 1892, upon its face, and in connection with the subsequent conduct of the parties, shows that it was intended as a contract of agency. This view of the case is further confirmed by the instrument dated February 21, 1894. Notwithstanding the execution of this instrument, Roeller testified as follows:

"I settled for these goods. I mean to say that The Favorite Carriage Company exercised its right and option to sell these goods to me at the time when they took the settlement for them on August 19, 1893."

Thus it will be observed that he testifies that the option was exercised by the company about six months before he signed a written statement that it had never exercised such option under the former agreement, Exhibit A; and when the latter agreement was shown him he testified that he never saw it, and did not know anything about it. This is the order or agreement given by Roeller to plaintiff whereby he obtained the right to handle plaintiff's vehicles for the year ending December 1, 1893. Very much of the evidence of this witness, who was the principal one for the defense, was contradicted by the testimony of others, especially upon the point as to whether the company had ever exercised its option or privilege to sell to M. Roeller & Co. the vehicles in controversy which remained on hand December 1, 1893, it being the contention of plaintiff that it never exercised such option. This matter was submitted to the jury for its determination without objection or exception, and by it found in favor of the plaintiff.

Referring again to the instrument dated November 17, 1892, I find that the promise of Roeller was to give the plaintiff his accom-

modation promissory note for the amount of goods on hand, if plaintiff desired it, which it must take up at maturity. It cannot be reasonably presumed or assumed that Roeller would give, or plaintiff accept, an accommodation note upon these conditions, if there had been a sale of the property in question. This note was not given in payment for property purchased, but the amount thereof was limited by the amount of goods which Roeller had on hand belonging to plaintiff. The evidence discloses the fact that Roeller did give accommodation notes, which were protected and paid by the plaintiff, and that as late as October, 1895, Roeller stated that he had not purchased the goods, that they were consigned to him, and that the notes were given purely as an accommodation to plaintiff. He never paid them himself, and the goods have never been returned to plaintiff. The two instruments must be read and construed together, so far as the terms are consistent with each other. The affidavits used as a basis for a motion for a new trial upon the grounds of newly-discovered evidence are insufficient for such purpose. I am of the opinion that the judgment should be affirmed.